IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTONIOUS WILDER
a/k/a LARRY DAWKINS,

      Plaintiff,

v.                             CASE NO. 1:16-cv-34-MP-GRJ

STATE OF FLORIDA,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate in the custody of the Florida Department of Corrections presently confined at Union CI, initiated this case by filing a *pro se* handwritten document styled "notice of inquiry," which is construed as a civil rights complaint.  ECF No. 1.   The Complaint is deficient because Plaintiff failed to use the Court's form for prisoner litigants seeking to file civil cases in this Court, and failed to either pay the $400 civil rights filing fee or file a motion for leave to proceed as a pauper.  The Court will not require Plaintiff to correct these deficiencies because, for the reasons discussed below, it is respectfully **RECOMMENDED** that this case should be dismissed pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

Plaintiff initiated this case under the name "Larry Dawkins." A review of the Department of Corrections' online inmate locator reflects that "Larry Dawkins" is an alias of the inmate identified by the DOC as "Antonious Wilder," DOC inmate number 187653. According to the DOC website, Plaintiff is serving sentences for several felony offenses in Miami-Dade County, and was initially received into DOC custody in 1996.[1]

Plaintiff's claims in the instant case are difficult to construe. It appears that Plaintiff claims he has been denied access to court in connection with the dismissal of a case or cases stemming from his underlying convictions. Plaintiff also references "warrantless arrests and forced servitude." ECF No. 1. To the extent that Plaintiff seeks to challenge his convictions, his remedy is by way of a petition for a writ of habeas corpus filed in the Southern District of Florida, which encompasses Miami-Dade County. Because it appears that a habeas corpus petition would be barred by the one-year limitations period of 28 U.S.C. § 2244(d)(1), the Court does not recommend that this case be transferred to the Southern District as a habeas corpus case.

---

[1]http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=240953118

To the extent that Plaintiff is pursuing a civil rights complaint, he is not entitled to proceed as a pauper in this case.  The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915 (the *in forma pauperis* statute):

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is commonly known as the PLRA's "three strikes" rule.  "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger.  *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed at least three cases or appeals which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See Wilder v. Burnside,* Case No. 1:04-cv-21801-MGC (S.D. Fla. 2004), ECF Nos. 11, 12 (dismissing case filed as a "petition for a writ or replevin" because Plaintiff's claim regarding alleged deprivation of personal property was not cognizable under 42 U.S.C.

§ 1983*); Wilder v. Burnside*, Case No. 1:04-cv-20902-JAL, (S.D. Fla. 2004), ECF Nos. 7, 8 (same); *Wilder v. Nichols*, Case No. 3:110cv0348-RV-EMT (N.D. Fla. 2012), ECF Nos. 15, 20 (dismissing complaint for failure to state a claim upon which relief may be granted).

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v.*

*Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff's allegations in the instant Complaint do not suggest that he can satisfy the "imminent danger" exception to the three-strikes bar. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this civil rights case as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## II. <u>Conclusion</u>

It is respectfully **RECOMMENDED** that this case should be

dismissed without prejudice pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

**IN CHAMBERS**, at Gainesville, Florida, this 16th day of February 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**